# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN HEWITT** | ) CIVIL ACTION NO. |
| | ) |
| | ) SECTION : |
| | ) |
| *versus* | ) Judge: |
| | ) |
| | ) Magistrate Div.: |
| | ) |
| **AMERICAN POLLUTION CONTROL CORPORATION** | ) Magistrate: |

## SEAMAN'S COMPLAINT

The complaint of Melvin Hewitt, a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

(A) American Pollution Control Corporation (hereinafter sometimes referred to as "AMPOL"), a corporation organized according to the laws other than those of the State of Louisiana, but, at all times pertinent hereto, was authorized to do, and was doing business in, the State of Louisiana

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), the provisions of the general maritime law, the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and 28 U.S.C. §1916. Specifically, plaintiff is entitled to avail himself of the provisions of 28 U.S.C. Section 1916, allowing him to proceed without the necessity of

prepayment of costs, fees or the posting of security, and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

The defendant American Pollution Control Corporation is justly and truly indebted unto your plaintiff, Melvin Hewitt, for the following reasons, to-wit:

4.

At all material times, plaintiff Melvin Hewitt was employed by AMPOL as a deckhand, and is a Jones Act seaman.

5.

Plaintiff was permanently assigned by defendant, AMPOL to work aboard the *M/V Bluefin* and the *M/V Little Apache,* both vessels that were owned and/or operated and/or chartered and/or controlled by AMPOL at all material times herein.

6.

On or about, July 15, 2010, plaintiff was attempting to tie off the *M/V* Bluefin at Joshua's Marina, Buras, LA, when unexpected movement of the vessel caused him to fall into the water between two (2) pilings; thus causing him to receive personal injuries; and, on or about August 2, 2011, while working aboard the *M/V Little Apache*, plaintiff was attempting to carry an anchor weighing approximately forty-five (45) pounds, when he tripped and fell over other anchors and/or obstructions on the deck of the *M/V Little Apache,* causing him additional injury. Both of these instances occurred within the territorial boundaries of this Court.

7.

Plaintiff shows that at all times pertinent hereto, he was acting within the course and scope of his duties as a deckhand employed by AMPOL.

8.

The casualties occurred as a direct and proximate result of the negligence of defendant, American Pollution Control Corporation , and/or the negligence of the master of the vessels *M/V Bluefin* and the *M/V Little Apache,* in failing to adequately operate the vessel safely and without collision, , as well as other acts of negligence which will also be proven at trial; and/or by the unseaworthiness of both the *M/V Bluefin* and the *M/V Little Apache*.  These acts render defendant, American Pollution Control Corporation , liable to plaintiff pursuant to the Jones Act, 46 U.S.C. §30104, and also pursuant to the general maritime law for negligence.

9.

Plaintiff's accident was caused by defendant's violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

10.

Plaintiff further demands that defendant, American Pollution Control Corporation provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's treating physician.  Plaintiff demands that maintenance be instituted in the amount of $80.00 per day from the date of his injury.

11.

In addition, the defendant has refused and/or failed and/or partially failed to timely pay plaintiff's maintenance and cure benefits.  The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious, and/or otherwise without cause.  As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition.  As a result thereof, the defendant is liable until the plaintiff

for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc v. Townsend*, 129 S. Ct. 2561 (2009).

12.

The above-described incidents were caused solely by the negligence of defendant, American Pollution Control Corporation through its agents, servants and employees, which are more particularly described as follows:

**<u>NEGLIGENCE OF AMERICAN POLLUTION CONTROL CORPORATION; ITS AGENTS AND/OR EMPLOYEES</u>**

a) Failing to properly supervise its employees;

b) Failing to properly train and/or supervise plaintiff and other employees aboard its vessel;

c) Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions;

d) Failing to adequately equip its vessel with proper equipment required to perform certain operations;

e) Failure to operate and control the *M/V M/V Bluefin* and/or the *M/V Little Apache* in a safe and seamanlike manner;

f) Liability under a theory of *respondiat superior* for the negligent acts of the master and/or pilot/steersman of the *M/V Bluefin* and/or the *M/V Little Apache;* and

g) Any and all other acts of negligence which will be shown more fully at trial.

13.

In the further alternative, plaintiff, Melvin Hewitt, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of *res ipsa loquitur*.

14.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Melvin Hewitt, sustained the following damages:

a. Past, present and future physical pain and suffering;

b. Past, present and future mental pain, suffering and anguish;

c. Past, present and future medical expenses;

d. Past lost wages;

e. Past lost found;

f. Loss of future earning capacity;

g. Loss of future found;

h. Loss of fringe benefits;

i. Disfigurement and disability;

j. Loss of enjoyment of life; and,

k. Other damages which shall be proven at trial.

15.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

16.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Melvin Hewitt, prays that the defendants American Pollution Control Corporation, be duly cited and served with a copy of the complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against American Pollution Control Corporation, in such amounts as may be deemed reasonable and sufficient to adequately compensate your plaintiff for his damages, together with legal interest thereon from date of judicial demand until paid, for all costs of this suit, and for all other general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

*/s/Ronna M. Steele*
**RONNA M. STEELE (#20006)**
301 Huey P. Long Avenue
Gretna, LA  70053
Telephone:  (504) 366-3475
Attorney for Melvin Hewitt
Email: *rsteele@usagulf.com*

PLEASE SERVE:

American Pollution Control Corporation
Through its authorized agent for service of process
Kirk F. Headley
401 West Admiral Doyle Drive
New Iberia, LA 70560