UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MELVIN HEWITT | * | CIVIL ACTION NO. 2:11-cv-2051 |
|---|---|---|
| | * | |
| VS. | * | JUDGE: CARL J. BARBIER |
| | * | |
| AMERICAN POLLUTION | * | |
| CONTROL CORPORATION | * | MAGISTRATE: ALMA L. CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER TO COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Respondent, American Pollution Control Corporation ("AMPOL"), who, in answer to the Complaint of Melvin Hewitt ("Hewitt"), respectfully represents as follows:

FIRST DEFENSE

Complainant, Hewitt, fails to state a cause of action for which relief may be granted.

SECOND DEFENSE

In answer to the allegations of Complainant, categorically by paragraph, Respondent, AMPOL, herein avers:

1.

Except to admit that AMPOL is a foreign corporation authorized to do business in Louisiana, all other allegations of Paragraph 1 of the Complaint are denied.

2.

The truth of the allegations contain conclusions of law which require no response on the part of AMPOL, but insofar as it is deemed necessary, the allegations are denied.

3.

The truth of the allegations contained in Paragraph 3 of the Complaint is denied.

4.

The truth of the allegations contained in Paragraph 4 of the Complaint is denied.

5.

The truth of the allegations contained in Paragraph 5 of the Complaint is denied.

6.

The truth of the allegations contained in Paragraph 6 of the Complaint is denied. In further answer, AMPOL denies that it owned, operated, chartered or controlled M/V BLUEFIN or M/V LITTLE APACHE.

7.

The truth of the allegations contained in Paragraph 7 of the Complaint is denied.

8.

The truth of the allegations contained in Paragraph 8 of the Complaint is denied.

9.

The truth of the allegations contained in Paragraph 9 of the Complaint is denied.

10.

The truth of the allegations contained in Paragraph 10 of the Complaint is denied.

11.

The truth of the allegations contained in Paragraph 11 of the Complaint is denied.

12.

The truth of the allegations contained in Paragraph 12 of the Complaint is denied.

13.

The truth of the allegations contained in Paragraph 13 of the Complaint is denied.

14.

The truth of the allegations contained in Paragraph 14 of the Complaint is denied.

15.

The truth of the allegations contained in Paragraph 15 of the Complaint is denied.

16.

The truth of the allegations contained in Paragraph 12 of the Complaint is denied.

THIRD DEFENSE

Respondent, AMPOL, avers that if Complainant sustained injuries in the manner alleged in the Complaint, which injuries are specifically denied, then the alleged injury or injuries were sustained not as a result of any fault, neglect, breach of warranty (express or implied) or want of due care on the part of Respondent, AMPOL, nor of anyone for whose conduct Respondent was in any way responsible, but occurred solely through the fault, neglect, and want of due care on the part of the Complainant in a number of respects, all of which will be shown at the trial of this cause, and for which Complainant can have no recovery against Respondent herein, or, in the alternative, for which Complainant's recovery should be appropriately reduced.

FOURTH DEFENSE

Respondent, AMPOL, avers that if it should be found liable for Complainant's damages, which liability is specifically denied, then any recovery by Complainant should be barred or appropriately reduced by Complainant's failure to mitigate his damages.

FIFTH DEFENSE

Respondent, AMPOL, avers that if Complainant, Hewitt, sustained any injury or sickness while in the service of AMPOL's vessels, which is at all times specifically denied, then any recovery by Complainant should be limited to the payment of maintenance and cure and no other damages.

## SIXTH DEFENSE

AMPOL denies that it owned, operated, chartered, and/or controlled the vessels referenced in the Seaman's Complaint. While at all times denying any liability and/or that any vessels upon which Complainant worked were unseaworthy, AMPOL alleges third party fault and/or unseaworthiness for which AMPOL cannot be responsible and for which Complainant can have no recovery against AMPOL, or in the alternative, for which Complainant's recovery should be approximately reduced.

## SEVENTH DEFENSE

Respondent, AMPOL, avers that it should receive a credit and/or offset for the maintenance and cure paid to Complainant by AMPOL.

WHEREFORE, premises considered, Respondent, American Pollution Control Corporation, prays that its Answer to the Complaint of Melvin Hewitt be deemed good and sufficient and, after all legal delays and due proceedings had, that there be judgment in favor of Respondent, American Pollution Control Corporation, dismissing the Complaint of Melvin Hewitt, with prejudice and at Complainant's cost, and for all legal orders and decrees necessary in obtaining all general and equitable relief.

Respectfully Submitted:

BREAUD & MEYERS

*s/Andrew H. Meyers*

_____
ANDREW H. MEYERS (Bar No. 3420)
Post Office Box 3448
Lafayette, Louisiana 70502
Ph.: (337) 266-2200
Fax: (337) 266-2204
Attorney for Respondent,
American Pollution Control Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELVIN HEWITT | * | CIVIL ACTION NO. 2:11-cv-2051 |
| | * | |
| VS. | * | JUDGE: CARL J. BARBIER |
| | * | |
| AMERICAN POLLUTION | * | |
| CONTROL CORPORATION | * | MAGISTRATE: ALMA L. CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CERTIFICATE

I HEREBY CERTIFY that on the 19th day of October, 2011, a copy of the above and foregoing Answer to Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Ronna M. Steele by operation of the Court's electronic filing system.

*s/Andrew H. Meyers*

ANDREW H. MEYERS