UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELVIN HEWITT | * | CIVIL ACTION NO. 2:11-cv-2051 |
| | * | |
| VS. | * | JUDGE: CARL J. BARBIER |
| | * | |
| AMERICAN POLLUTION | * | |
| CONTROL CORPORATION | * | MAGISTRATE: ALMA L. CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION
## FOR PARTIAL SUMMARY JUDGMENT

American Pollution Control Corporation ("AMPOL") moves for partial summary judgment requesting a dismissal as to Melvin Hewitt's claims for unseaworthiness under the general maritime law asserted in the above captioned suit. Melvin Hewitt, an employee of AMPOL, alleges two separate accidents occurring on or about July 15, 2010 and August 2, 2010. The alleged accidents occurred on vessels identified as "BLUE FIN" and "LITTLE APACHE." AMPOL did not own, operate, or charter either of these vessels and therefore, under the applicable jurisprudence, plaintiff's claims against AMPOL for unseaworthiness should be dismissed.

### Accident of July 15, 2010

An oil technician for AMPOL involved in the BP oil spill cleanup, Hewitt alleges that he was involved in an accident while disembarking from a vessel named "BLUE FIN." Hewitt described BLUE FIN as a shrimp/fishing boat of under 30 feet in length. (Exhibit "A," Hewitt depo. p. 68, 70, 72). The BLUE FIN was manned by a captain and two "mates" including Hewitt. (Hewitt depo. p. 75). Hewitt testified that the captain of BLUE FIN did not work for AMPOL. (Hewitt depo. p. 76, 82). Hewitt did not know if the other "mate" aboard the boat on July 15, 2010, was an employee of AMPOL. (Hewitt depo. p. 81).

In his deposition, Hewitt described the alleged accident as occurring at Joshua's Marina in Buras, Louisiana, when he attempted to step from the BLUE FIN onto a piling after tying off the vessel to the piling. (Hewitt depo. p. 78, 87-88, 91). Hewitt alleges that as he was stepping from the boat, the boat "jerked" which caused him to lose his balance resulting in his foot slipping off the piling and becoming lodged between the pilings. Hewitt admitted that he had no idea as to what caused the boat to "jerk." (Hewitt depo. p. 98). Hewitt alleges that he sustained an injury in this alleged accident.

### The Alleged August 2, 2010 Accident

Hewitt alleges a second accident occurring on or about August 2, 2010, while working aboard a vessel identified as "LITTLE APACHE." Hewitt described the LITTLE APACHE as a fishing/shrimp boat which was smaller than the BLUE FIN. LITTLE APACHE was owned by the captain whose nickname was "Big Buoy." (Hewitt depo. p. 106). LITTLE APACHE was also operated by "Big Buoy." (Hewitt depo. p. 107). Also aboard was an AMPOL supervisor, James Brown, and another technician who was not an AMPOL employee. (Hewitt depo. p. 108-109).

Hewitt alleges that the August 2, 2010 accident occurred while he was carrying a 45 pound anchor on the deck of LITTLE APACHE when he somehow tripped over another anchor on the deck causing him to fall. (Hewitt depo. p. 112, 113, 121). Hewitt was looking for a spot to place the anchor on the deck of the LITTLE APACHE when he fell. (Hewitt depo. p. 125). At the time of the accident, the LITTLE APACHE was "free standing," which in other words, means that it was not underway. (Hewitt depo. p. 123).

## Standard Of Review

A motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1] Pursuant Federal Rule of Civil Procedure 56(c), the moving party asserting "that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record…or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the non-movant's case.[2] In so demonstrating, the movant may rely on the absence of evidence to support essential elements of the opposing party's claim.[3] Moreover, if the record taken as a whole cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.[4] The moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.[5] Once a proper motion for summary judgment has been made, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.[6] Amended Rule 56(c)(1) now requires that a party asserting a fact that cannot be genuinely disputed – or

---

[1] Fed. R. Civ. Proc. 56(c).
[2] *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2002).
[3] *Int'l Assoc. of Machinists and Aerospace Workers AFL-CIO, Lodge No. 2504 v. Intercontinental Mfg.Co., Inc.*, 812 F.2d 219, 222 (5th Cir. 1987) citing *Fontenot v. UpJohn Co.*, 780 F.2d 1190, 1195 (5th Cir.1986).
[4] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990).
[5] *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

can be disputed – provide a pinpoint citation to "particular parts" of the record supporting its factual position.

### AMPOL Did Not Own, Operate, or Charter Either Vessel Involved In Hewitt's Alleged Accidents

The Operations Manager for AMPOL in July-August, 2010, Malwen A. Theriot has testified via Affidavit that AMPOL did not own, operate, or charter either BLUE FIN or LITTLE APACHE in July-August, 2010. (Exhibit "B"). AMPOL provided pollution control technicians as part of the Vessels of Opportunity Program. AMPOL did not provide personnel to navigate/operate BLUE FIN or LITTLE APACHE. Further, Hewitt has confirmed that the actual navigation/operation of the vessels was performed by non-AMPOL employees. AMPOL simply provided the oil technicians aboard these vessels to assist in the oil spill clean up operations.

### AMPOL Can Have No Liability For Any Alleged Unseaworthiness of BLUE FIN or LITTLE APACHE

Solely for the purposes of this motion, and fully reserving all rights to contest Hewitt's alleged seaman status, AMPOL will assume that Hewitt was a seaman. Under the applicable jurisprudence, both the ship and the shipowner are liable to seamen for injuries caused by unseaworthiness.[7] To be seaworthy, a vessel and its appurtenances must be reasonably suited for the purpose or use for which they were intended.[8] The owner's duty to furnish a seaworthy ship is absolute and completely independent of the duty under the Jones Act to exercise reasonable

---

[7] *Baker v. Raymond International, Inc.*, 656 F.2d 173, 181 (5th Cir. 1981), citing *The Osceola*, 189 U.S. 158, 175, 23 S.Ct. 483, 487, 47 L.Ed. 760, 764 (1903).
[8] *Johnson v. Offshore Exp., Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988), citing *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550, 80 S.Ct. 926, 933, 4 L.Ed. 2d 941 (1960).

care.[9]  To establish the requisite proximate cause in an unseaworthiness claim, a plaintiff must prove the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness.[10]  Pursuant to the doctrine of unseaworthiness, the general maritime law places upon a vessel owner a non-delegable duty to provide a seaman with a vessel reasonably fit for its intended use.[11]

It is undisputed that AMPOL did not own, charter, or operate the subject vessels allegedly involved in Hewitt's accidents.  Accordingly, AMPOL is entitled to summary judgment dismissing the claims for unseaworthiness asserted against AMPOL by Hewitt.

## CONCLUSION

Hewitt's claims for unseaworthiness should be dismissed on the grounds that AMPOL did not own, charter, or operate either BLUE FIN or LITTLE APACHE, the two vessels involved in Hewitt's alleged accidents of July 15, 2010 and August 2, 2010.  Accordingly, since there is no genuine issue of material fact on this issue, AMPOL is entitled to partial summary judgment dismissing the unseaworthiness claims asserted by Hewitt.

[9] *Johnson*, 845 F.2d at 1354, citing *Mitchell*, 362 U.S. at 549, 80 S.Ct. at 932.  See also *Springborn v. American Commercial Barge Lines, Inc.*, 767 F.2d 89, 100 (5th Cir. 1985).
[10] *Johnson*, 845 F.2d at 1354, citing *Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 162 (5th Cir. 1985); *Alverez v. J. Ray McDermott & Co., Inc.*, 674 F.2d 1037, 1042-43 (5th Cir. 1982).
[11] *Comeaux v. T. L. James & Co.*, 666 F.2d 294, 298-99 (former 5th Cir. 1982); *1 Thomas J. Schoenbaum, ADMIRALTY AND MARITIME LAW*, §6-25 (2d Ed. 1994).

Respectfully submitted,

BREAUD & MEYERS

s/Andrew H. Meyers

_____
ANDREW H. MEYERS, (14221)
600 Jefferson Street, Suite 1100
Lafayette, LA 70501
Telephone: (337) 266-2200
Fax: (337) 266-2204
Email: Andrew@breaudlaw.com
Attorney for American Pollution
Control Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELVIN HEWITT | * | CIVIL ACTION NO. 2:11-cv-2051 |
| | * | |
| VS. | * | JUDGE: CARL J. BARBIER |
| | * | |
| AMERICAN POLLUTION | * | |
| CONTROL CORPORATION | * | MAGISTRATE: ALMA L. CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Motion for Partial Summary Judgment on behalf of American Pollution Control Corporation has this date been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

Lafayette, Louisiana, this 2nd day of May, 2012.


/s/ *Andrew H. Meyers*
_____
ANDREW H. MEYERS

7