UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HEWITT                                            CIVIL ACTION

VERSUS                                            NO: 11-2051

AMERICAN POLLUTION CONTROL                        SECTION: "J"(5)
CORPORATION

**ORDER AND REASONS**

Before the Court are Defendant's Motion for Partial Summary Judgment (Rec. Doc. 18) and Plaintiff's opposition to same (Rec. Doc. 28). The motion is under submission to the Court on supporting memoranda and without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court now issues its ruling in this matter.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises from two separate accidents that allegedly occurred while Plaintiff Melvin Hewitt was working aboard vessels in cleanup operations in the wake of the April 2010 *Deepwater Horizon* oil spill. The first of the two accidents

1

allegedly occurred on or about July 15, 2010, while Plaintiff was attempting to tie off the M/V BLUEFIN at Joshua's Marina in Buras, Louisiana.  Plaintiff alleges that unexpected movement of the vessel caused him to fall into the water between two pilings.  The second incident allegedly occurred on or about August 2, 2010[1] aboard the M/V LITTLE APACHE.  Plaintiff allegedly tripped and fell over anchors and/or other obstructions on the deck while he was attempting to carry a 45-pound anchor.  Plaintiff alleges that he was a seaman—a deckhand employed by Defendant—at the time of his accidents.  Plaintiff filed his complaint on August 18, 2011, invoking admiralty jurisdiction, the Jones Act, and general maritime law.  Defendant has filed the instant motion for partial summary judgment.

## THE PARTIES' ARGUMENTS

Defendant argues that the Court should dismiss Plaintiff's unseaworthiness claim because there is no genuine contention that

---

[1] The complaint states that the second accident occurred in 20*11*, which appears to be a mistake. Rec. Doc. 1, at 2, ¶ 6. Defendant states in its memorandum that both accidents occurred in 2010. Rec. Doc. 18-1, at 1. Plaintiff's opposition memorandum also states that both accidents happened in 2010. Rec. Doc. 28, at 1.  Plaintiff in his deposition testimony stated that the correct date was August 2, 2010.  See Rec. Doc. 18-2, at 2 (Plaintiff agreeing with his examiner that "the petition says August 2, 2011, but we know that ain't right").  The Court's analysis proceeds under the apparent agreement among the parties that both accidents actually occurred within the July-August 2010 time frame.

Defendant owned, operated, or chartered either of the vessels aboard which Plaintiff worked when he allegedly was involved in the accidents at issue.  Defendant cites the affidavit testimony of its operations manager that it did not own, operate, or charter either the BLUEFIN or the LITTLE APACHE in July or August 2010.  It also cites Plaintiff's deposition testimony that the vessels were neither navigated nor operated by Defendant's employees.  Defendant avers that it simply provided the oil technicians who worked aboard these vessels to assist in the oil spill cleanup operations.  Accordingly, it avers that it is entitled to partial summary judgment dismissing Plaintiff's unseaworthiness claim.

   Plaintiff argues that Defendant fails to show that there are no genuine issues of material fact or that Defendant is entitled to judgment as a matter of law.  He avers that Defendant had a duty to provide him with a safe place to work and that Defendant makes no effort to show that it made any attempt to discharge this duty.  He asserts that the only evidence before the Court is that Plaintiff himself does not know who the vessel owners were, and he points out the "confusion that reigned during the cleanup" following the oil spill.  Rec. Doc. 28, at 3.  Plaintiff argues that even if Defendant did not own, operate, or charter the

vessels, it may be liable for unsafe or unseaworthy conditions aboard those vessels to which it permitted its employees to be assigned.  He argues that the duty to provide a safe place to work is identical to the duty to provide a seaworthy vessel.  He states that a finding of unseaworthiness is tantamount to a finding of unsafe conditions and that a Jones Act employer becomes the owner *pro hac vice* of an unseaworthy vessel, to the extent it may be liable for damages caused in part by the unseaworthy, or unsafe, condition.  Moreover, Plaintiff argues that more investigation must be made, and more facts disclosed, before the Court can consider dismissing any of his claims.  Plaintiff concludes that Defendant has not made an adequate showing for dismissal of the unseaworthiness claim, either as a matter of fact or of law.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075

(5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.  Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party."  Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  Id. at 1265.

5

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  See Celotex, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  See id. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  See, e.g., id. at 325; Little, 37 F.3d at 1075.

## DISCUSSION

"For a vessel to be found unseaworthy, the injured seaman must prove that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used."  Jackson v. OMI Corp., 245 F.3d 525, 527 (5th Cir. 2001).  The duty to provide a seaworthy vessel is an "incident of vessel ownership," and "[t]o be held liable for breach of the duty, the defendant must be in the relationship of an owner or operator of a vessel." Baker v. Raymond Int'l, Inc., 656 F.2d 173, 181 (5th Cir. 1981)

(quotation marks omitted).  In other words, generally speaking, the owner or operator of the vessel containing the allegedly unseaworthy condition is the proper defendant with respect to a claim of unseaworthiness.  See Fla. Fuels, Inc. v. Citgo Petroleum Corp., 6 F.3d 330, 332 (5th Cir. 1993) ("It is well-settled, however, that the doctrine of 'seaworthiness' is not applicable to a dock owner who does not occupy the position of owner or operator of the vessel."); Daniels v. Fla. Power & Light Co., 317 F.2d 41, 43 (5th Cir. 1963) ("The idea of seaworthiness and the doctrine of implied warranty of seaworthiness arises out of the vessel, and the *critical consideration* in applying the doctrine *is that the person sought to be held legally liable must be in the relationship of an owner or operator of a vessel*.") (emphasis added).  The one exception to this general rule is that a bareboat or demise charterer who assumes full possession and control of a vessel may owe a duty of seaworthiness with respect to that vessel.  Baker, 656 F.2d 173, 181-82 (5th Cir. 1981); cf. Martin v. Walk, Haydel & Assocs., Inc., 742 F.2d 246, 248-49 (5th Cir. 1984) (where plaintiff's employer was a user, but not a demise charterer, of flatboats, the employer did not warrant the boats' seaworthiness).

7

In this case, if Defendant did not own, operate, or charter either the BLUEFIN or the LITTLE APACHE, Plaintiff's unseaworthiness claim fails as a matter of law. Defendant submits evidence that it meets none of these criteria for liability for unseaworthiness. The affidavit testimony of Malwen A. Theriot, Defendant's current vessel manager, is that in July and August 2010, while Theriot was an operations manager, Defendant did not own, operate, or charter the vessels identified as the BLUEFIN and the LITTLE APACHE. Rec. Doc. 18-3, at 1. Theriot avers that Defendant provided pollution control technicians as part of the Vessels of Opportunity Program but did not provide personnel to navigate or operate the BLUEFIN and LITTLE APACHE. Id. Also in the record is Plaintiff's deposition testimony. Plaintiff did not provide any testimony concerning the owner(s) of the vessels. He testified that on the day of the first accident, the BLUEFIN was captained by an individual who was not employed by Defendant, and Plaintiff was unsure whether the other mate on board was an employee of Defendant. Rec. Doc. 18-2, at 9. With respect to the LITTLE APACHE, Plaintiff thought that a captain known to him as "Big Buoy" owned the boat, but he was unsure who owned it. Id. at 14. He could not state whether Defendant owned the LITTLE APACHE. Id. In addition to the

captain, also aboard the LITTLE APACHE on the day of the second accident were three other individuals: someone who worked for Big Buoy, Plaintiff, and a second employee of Defendant. <u>Id.</u> at 17.

Plaintiff does not contest that Defendant did not own, operate, or charter the BLUEFIN or the LITTLE APACHE. He states that the only evidence concerning this issue is that he does not know who the owners were and points out that the oil spill cleanup operations involved ever-shifting orders and work assignments. Although Plaintiff could not state what entity or entities owned the vessels at issue, he has introduced no evidence to rebut Theriot's assertion, based on his knowledge as the operations manager at the time of the accidents, that Defendant did not own, operate, or charter either vessel. As a result, Plaintiff raises no genuine issue of material fact. In his statement of contested facts, he does not contest Theriot's assertion. Rec. Doc. 28-1, at 1. Moreover, his statement of contested facts does not counter Defendant's statement of uncontested facts, which states as uncontested that Defendant did not own, operate, or charter the BLUEFIN or LITTLE APACHE.[2] Rec.

---

[2] <u>See</u> FED. R. CIV. P. 56(e) (where a party fails to properly address another party's assertion of fact, the court may give an opportunity to address the fact, consider the fact undisputed for purposes of the motion, grant summary judgment if shown that movant is entitled to it, or issue any

Doc. 18-4, at 1. Finally, his suggestion that more investigation must be done before the Court's ruling is not persuasive because none of the reasons given are relevant to the issue of who owned, operated, and/or chartered the vessels.[3] Plaintiff has not suggested that additional discovery will reveal that Defendant meets one of the criteria for making it a proper defendant for an unseaworthiness claim.[4]

Plaintiff asserts that the duty of seaworthiness is identical to the duty of an employer to provide his employees

---

other appropriate order).

[3] See Rec. Doc. 28, at 6 (suggesting that additional investigation to disclose more facts is necessary with respect to, at a minimum, (a) what measures Defendant undertook to provide a safe workplace, (b) any agreements Defendant entered into by which it furnished Plaintiff's services during the cleanup, (c) to which vessels Plaintiff was assigned, and (d) whether Defendant's personnel were involved in personnel assignments). None of these issues are relevant to who owned, operated, or chartered the BLUEFIN and the LITTLE APACHE. With respect to (c), Plaintiff cannot be heard to raise an issue as to what vessels he worked aboard, where his complaint and his own testimony only assert that he was aboard the BLUEFIN and LITTLE APACHE when he experienced the alleged accidents at issue.

[4] See FED. R. CIV. P. 56(d).

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.

Id. Plaintiff has not stated any such specified reasons in any affidavit or declaration.

with a safe place to work.  The duty to provide a safe place to work is a negligence-based duty.  See Nivens v. St. Louis Sw. Ry. Co., 425 F.2d 114, 118 (5th Cir. 1970) (claim of unsafe place to work sounding in negligence).  The duty to furnish a seaworthy ship, on the other hand, is completely independent of a Jones Act defendant's duty to exercise reasonable care.  See Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 549-50 (1960) (stating that unseaworthiness liability is completely divorced from concepts of negligence).  Accordingly, Plaintiff's implication that unseaworthiness is tantamount to a negligent failure to provide a safe working environment is incorrect.  Cases cited by Plaintiff do not support his position.  See Martin, 742 F.2d at 249 (fact that employer did not own flatboats did not relieve it of obligation to exercise reasonable care to provide its employee a safe place to work); Davis v. Hill Eng'g, Inc., 549 F.2d 314, 329 (5th Cir. 1977), overruled by Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997) (addressing liability for negligence and unseaworthiness separately); Yost v. Amer. Overseas Marine Corp., 798 F. Supp. 313, 318 (E.D. Va. 1992) (addressing duty to use reasonable care to provide safe place to work).

   The Court holds that there is no genuine dispute that Defendant did not own, operate, or charter the vessels on which

Plaintiff worked during the events at issue.  As a result, Defendant did not owe Plaintiff the duty to furnish a seaworthy vessel, and Defendant is entitled to partial summary judgment with respect to the unseaworthiness claim.[5]

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. 18) is **GRANTED**, dismissing with prejudice Plaintiff's claim of unseaworthiness.

New Orleans, Louisiana, this 31st day of May, 2012.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[5] Although the motion is meritorious, the granting of relief requested therein will have no practical effect on the outcome of this case.  The Court admonishes counsel to avoid filing unnecessary motions that will not affect the scope of remedies available, the evidence to be used at trial, or any other outcome-determinative aspect of cases.  Such motion practice is a waste of both the parties' and the Court's time and resources.